United States District Court
Northern District of Alabama
EASTERN Division

MIKE BRAXTON, ]
]
    Plaintiff(s), ]
]
vs. ] CV-01-N-03174-E
]
FARMER'S INSURANCE GROUP, ]
]
    Defendant(s). ]

## Memorandum of Opinion

### I. Introduction.

Before the court is Defendant's Motion to Reconsider, and in the Alternative, Motion for Protective Order. [Doc. # 28.] The issues raised therein have been fully briefed by the parties and are now ripe for determination. Upon due consideration, the court finds that the defendant's motion to reconsider is due to be granted in part and denied in part, and its motion for a protective order is due to be granted.

### II. Facts.

The plaintiff, Mike W. Braxton ("Braxton") brings this claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, 1681a-1681t. In conjunction with this claim, the plaintiff seeks to represent a class of individuals under Federal Rule of Civil Procedure 23(b)(3). Braxton claims that the defendant, Fire Insurance Exchange ("FIE") raised the class members' homeowners' insurance premiums based in whole or in part on

1



information contained in their consumer credit reports without providing the class members contemporaneous notices as required by 15 U.S.C. § 1681m(a).

In October, 2001, FIE began using Insurance Bureau Codes ("IBCs") as a factor in setting homeowners' renewal premiums in Alabama. The IBCs were generated by a third-party provider, Fair Issac, Inc. ("Fair Issac") based on information contained in consumer credit reports supplied to Fair Issac by TransUnion. FIE alleges that the IBCs are used solely to determine a policy holder's eligibility for discounts off the "base premium." Braxton contends that this explanation is merely a ruse and that information from credit reports was used to determine class members' insurance *premiums*, not their eligibility for discounts.

On November 1, 2001, FIE, pursuant to a request to do so by the Alabama Department of Insurance, sent Braxton a letter stating that due to "severe storm losses in Alabama and increasing costs of construction," Braxton's homeowners' insurance notice, which would be mailed to Braxton "shortly" would "reflect a renewal premium which is at least 50% higher than [Braxton's] current premium." [Doc. # 24, Ex. 3.] This letter did not contain an FCRA notice, but the subsequent renewal notice, sent to Braxton on November 18, 2001, did contain the required FCRA notice. The crux of the dispute between the parties is whether FIE was required, under the FCRA, to send a notice to Braxton and the class members with the initial letter notifying them that their premiums would be increased.

At issue in the motion before the court are two subpoenas to non-parties. The plaintiff has subpoenaed from the Alabama Department of Insurance "[a]ny and all documents in the possession of the Alabama Insurance Department regarding Fire

2

Insurance Exchange that touch on or relate to the changing or increasing homeowners insurance premiums or rates within the last 2 years including but not limited to correspondence and actuarial materials." The plaintiff has also subpoenaed from fourteen FIE insurance agents "[a]ny and all documents (including email and documents in electronic format) touching on, relating to or concerning the use of consumer credit reports including but not limited to issues of Personal Lines News Today or other newsletter [sic] or memorandum [sic] received within the last 2 years."[1]

FIE filed an objection to and motion to quash these non-party subpoenas on August 5, 2002, which the court denied on August 15, 2002. [Doc. ## 20, 27.] On August 16, 2002, FIE filed the motion to reconsider, and in the alternative, motion for a protective order, that is now before the court. [Doc. # 28.] The defendant supplemented its motion on August 20, 2002, and the plaintiff responded to the motion on August 30, 2002. [Doc. ## 29, 36.]

### III. Discussion.

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). Indeed, Rule 26(b) makes discoverable any information "regarding any matter, not privileged, that is relevant to the claim or defense of any party," including non-admissible relevant evidence that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, this court "has wide discretion in setting the limits of discovery."

---

[1] As far as the court can tell, Personal Lines News Today is a newsletter that the defendant sends to its insurance agents. Braxton is particularly interested in obtaining copies of these newsletters because the one copy he has managed to acquire to date contains the following "customer service reminder:" "Please do not advise your customers that they received a premium increase due to a credit score . . . . Explain to the customer that [credit scores were used to determine their eligibility] for an additional discount if they qualify!" [Doc. # 24, Pl.'s Response, Ex. 4, at 3.]

3

*Moore*, 927 F.2d 1197.

**A.     Subpoena to the Alabama Department of Insurance.**

FIE argues that, because it contends that information from class members' credit reports was used only to determine class members' eligibility for discounts, any information the Department of Insurance may have relating to a general premium rate increase is irrelevant. However, the plaintiff contends that information in the possession of the Department of Insurance will contain actuarial data justifying or supporting the rate increase, which the plaintiff believes may have been based, at least in part, on information contained in the credit reports of class members. Although FIE has admitted that it "took adverse action against 5,000 or more of its consumer customers [in Alabama] based in whole or in part on information obtained from a credit reporting agency," it now contends that the raise in premiums was *not* based on information obtained from a credit reporting agency. Thus, it appears that there is a disputed fact as to the reason(s) for the rate increase. The information sought by the subpoena to the Department of Insurance would be relevant to this disputed issue of fact. Therefore, as to the subpoena to the Department of Insurance, FIE's motion to reconsider is due to be denied.

**B.     Subpoenas to the Agents.**

The defendant has argued, and the court is inclined to agree, that the subpoenas to the agents in this case "subject[ the agents] to undue burden" and should therefore be quashed. Fed. R. Civ. P. 45(c)(3)(A)(iii). The defendant alleges that it is fully able to locate and produce email messages and other correspondence sent to its agents regarding the use of consumer credit reports in setting premium rates. Without a showing by the plaintiff

that the defendant's production of *all* such email messages and other correspondence it can locate is inadequate, the court will not require the non-party agents to engage in the arduous task of combing through their email files and other records in search of the documents sought by the plaintiff. Therefore, the motion to reconsider will be granted and the motion to quash the subpoenas to the individual agents will be quashed. Further, the defendant is ordered to produce those items sought in the subpoenas to the agents, including copies of email messages, newsletters, and other correspondence sent to the agents relating to or concerning the use of consumer credit reports.

C.     **Motion for protective order.**

FIE has asked for a protective order providing that the plaintiffs can use the documents and information produced only for purposes of pursuing this lawsuit, and ordering that at the conclusion of the case all documents produced pursuant to the subpoenas, including any copies made thereof, be returned to counsel for the defendant. As the plaintiff has made no objection to the motion for a protective order, the court will grant that motion.

IV.    **Conclusion.**

In sum, the court DENIES the motion to reconsider with respect to its previous denial of the motion to quash the subpoena served on the Alabama Department of Insurance. The defendant's motion to reconsider is GRANTED with respect to the subpoena to the insurance agents, and that subpoena is hereby QUASHED. The court GRANTS defendant's alternative motion for a protective order. A separate order will be entered.

Done, this __12 ᵗʰ__ of September, 2002.

                                                                    _____
                                                                    EDWIN NELSON
                                                                    UNITED STATES DISTRICT JUDGE